# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR JACKSON<br><br>and<br><br>WILLIAM CONRAD,<br><br>          Plaintiffs,<br><br>v.<br><br>INNOVATIVE SECURITIES<br>SERVICES, LLC, et al.,<br><br>          Defendants. | Civil Action 09-00425 (HHK) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Arthur Jackson and William Conrad bring this action against defendants Innovative Securities Services, LLC, Jeffrey Jackson, and Kenny Jackson, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Wage Payment and Collection Act ("WPCA"), D.C. Code § 32-1303. Specifically, plaintiffs allege repeated unlawful failures to pay overtime and holiday wages to Innovative's employees. Before the Court is Jeffrey Jackson's motion to dismiss [#14]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion must be denied.

## I. BACKGROUND

Plaintiffs are current and former employees of Innovative Securities, a provider of various security services including consulting, guard dog rental, and guard service. Compl. ¶ 11. During the time period relevant to this action, plaintiffs were employed by Innovative as special police

officers, special police officer site supervisors, and security guards. *Id*. ¶ 14. Plaintiffs allege that defendants Jeffrey and Kenny Jackson are the owners of Innovative, *id*. ¶ 12, and in that capacity failed to pay overtime and holiday pay as required by law. *Id*. ¶¶ 18–31.

## II. LEGAL STANDARD

Jeffrey Jackson, proceeding *pro se*, moves for dismissal of this action, apparently on the ground that plaintiffs' complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On a Rule 12(b)(6) motion, however, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d). Thus, because Jackson's motion and plaintiffs' opposition thereto are both accompanied by factual affidavits upon which the Court relies, the Court converts Jackson's motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2]

---

[1] Jackson does not state the legal basis for his motion but the argument he advances in support of his motion indicates that it is brought pursuant to Rule 12(b)(6).

[2] A motion for summary judgment should be granted only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party's "initial responsibility" consists of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact actually exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must show that "the evidence is such that a reasonable jury could return a verdict" in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such evidence must consist of more than mere unsupported allegations or denials and must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322 n.3. If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.

## III. ANALYSIS

Jackson moves for summary judgment on the grounds that he is not and has never been an officer, owner, or agent of Innovative, and was thus never plaintiffs' employer. Plaintiffs respond that Jackson held himself out and acted as an officer and owner of Innovative, thereby making himself an employer in the meaning of the FLSA and WPCA and subject to liability for failing to comply with those laws. The Court finds that there is a genuine issue of material fact as to whether Jackson was an employer within the meaning of the statutes.

The FLSA defines the term "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In light of this "unhelpful" definition, the federal courts have developed "a four-factor 'economic reality' test" for determining whether an employer-employee relationship exists. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Because the WPCA's language closely tracks that of the FLSA, the same test is employed in that context. *Villar v. Flynn Architectural Finishes, Inc.*, 664 F. Supp. 2d 94, 96 (D.D.C. 2009). "The test asks: 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Henthorn*, 29 F.3d at 684 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)); *see also Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001). No single factor is dispositive, and the court applying the test must look to "the totality of the circumstances." *Morrison*, 253 F.3d at 11.

---

*Anderson*, 477 U.S. at 249–50.

Under this test, the Court finds that plaintiffs have adduced sufficient evidence to create a genuine issue of material fact as to whether Jackson was their employer at Innovative. Although Jackson denies any affiliation with Innovative beyond serving as a consultant, plaintiffs assert that he managed the company's payroll, signed paychecks, assigned and disciplined employees, and formed contracts with clients. Aff. of Arthur H. Jackson, Jr. ¶¶ 5–10. Further, they aver that "Kenneth Jackson told [one of the plaintiffs] that he and his brother Jeffrey Jackson had a 50% ownership share in Innovative." *Id*. ¶ 4. Taking these assertions as true, as it must at this stage, *Liberty Lobby, Inc.*, 477 U.S. at 255, the Court finds that there is a genuine issue for trial.

First, because the FLSA employment test focuses on "economic realities" rather than "technical concepts," the fact, if true, that Jackson's formal title was "consultant" is not, by itself, sufficient to establish that he was not an employer as a matter of law. *See Henthorn*, 29 F.3d at 684. Second, plaintiffs have presented competent evidence which, if believed, could lead a reasonable jury to find that Jackson "supervised and controlled employee work schedules or conditions of employment [and] determined the rate and method of payment" of wages. *Id.* Such evidence would support a finding that Jackson was plaintiffs' employer. Accordingly, summary judgment for Jackson is inappropriate.

For the foregoing reasons, it is this 30th day of September 2010, hereby

**ORDERED** that defendant's motion for summary judgment [#14] is **DENIED**.

Henry H. Kennedy, Jr.<br>
United States District Judge