1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR JACKSON, et al.,

     *Plaintiffs*

     v.

INNOVATIVE SERCURITIES SERVICES, LLC, et al.,

     *Defendants.*

No.  1:09-cv-00425 BJR

ORDER DISMISSING CLASS ACTION CLAIM AND DEFENDANT KENNY JACKSON WITHOUT PREJUDICE AND GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JEFFERY JACKSON

## I.     INTRODUCTION

Plaintiffs Arthur Jackson and William Conrad brought this action against Defendants Innovative Securities Services, LLC, Jeffrey Jackson, and Kenny Jackson, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the District of Columbia Wage Payment and Collection Act ("WPCA"), D.C. Code § 32-1303. Specifically, Plaintiffs allege that Defendants have repeatedly failed to pay overtime and holiday wages to Innovative's employees. The following two motions are before the court: (1) Plaintiffs' Motion to Dismiss Class Action and Dismiss Defendant Kenny Jackson (Dkt. No. 28) and (2) Plaintiffs' Motion for Default Judgment against Defendant Jeffery Jackson (Dkt. No. 27.). Upon consideration of the motions, the record of this case, and the relevant case law, the court finds as follows.[1]

---

[1]     Defendants Kenny and Jeffery Jackson did not respond to the motions.

ORDER-1

## II.      BACKGROUND

Plaintiffs served the complaint on Jeffery Jackson and Innovative Securities, LLC on March 17, 2009. (Dkt. No. 6.).[2] Neither Defendant filed an answer or other responsive pleading so, on September 3, 2009, Plaintiffs requested that the Clerk of the Court enter default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 5.). The Clerk entered default on September 10, 2009. (Dkt. No. 8.). On September 11, 2009, Plaintiffs moved for a default judgment against Defendants. (Dkt. No. 9.).

The court ordered the Defendants to file an opposition to Plaintiffs' motion for default judgment on or before October 29, 2009, and advised them that failing to do so could result in judgment in favor of Plaintiffs. (Dkt. No. 13.). Thereafter, Defendant Jackson filed a motion to dismiss within the specified deadline. (Dkt. No. 14.). Defendant Innovative Securities, however, did not respond to Plaintiffs' motion or otherwise respond to the litigation. The court treated Jackson's motion as an opposition to Plaintiffs' motion for a default judgment. (Dkt. No. 18.). On September 30, 2010, the court set aside the Clerk's entry of default as to Jackson, denied Plaintiffs' motion for default judgment against Jackson, and granted Plaintiffs' motion for default judgment as to Innovative Securities. *Id.*

Also on September 30, 2010, the court denied Jackson's motion to dismiss, which the court interpreted as a motion for summary judgment. (Dkt. No. 19.). As such, consistent with the Federal Rule of Civil Procedure 12(a)(4)(A), Jackson had fourteen days within which to file his answer or other responsive pleading. The record shows that Jackson failed to do so.

---

[2]      Defendant Kenny Jackson was never served. (*See* Dkt. No. 28 at 2.). The remaining references to "Jackson" in this order, unless indicated otherwise, are to Defendant Jeffery Jackson.

The matter was reassigned to this District Judge on April 3, 2012. (Dkt. No. 22.). On April 4, 2012, the court instructed the parties to file a joint status report notifying the court of the current status of the case. (Dkt. No. 22.). On April 17, 2012, Plaintiffs notified the court that they were unable to contact Jackson, and requested that the court reconsider their motion for default judgment against him. (Dkt. No. 23.). In addition, mail sent by the Clerk of the Court to Jackson in the intervening time has been returned as undeliverable. (Dkt. Nos. 24-26.). On April 23, 2012, the court instructed Plaintiffs to file an updated default judgment motion. On May 7, 2012, Plaintiffs renewed their motion for default judgment against Jackson. (Dkt. No. 27.). Jackson's response to the motion was due on or before May 24, 2012. He has not filed a responsive pleading.

In addition, on May 13, 2012, Plaintiffs filed the Motion to Dismiss Class Action and Dismiss Defendant Kenny Jackson. (Dkt. No. 28.). Plaintiffs originally brought this action as a collective action pursuant to 29 U.S.C. §216(b) and as a class action under Fed.R.Civ.P. 23(b)(3). (*See* Dkt. No. 1.). Plaintiffs now seek approval to dismiss the class action component of the case and allow the matter to proceed with the named and opt-in Plaintiffs only. *Id*. In addition, Plaintiffs move pursuant to Fed.R.Civ.P. 41(a)(2) to dismiss Defendant Kenny Jackson without prejudice from this action because he has never been served. *Id*. at 2. Defendant Jackson has not responded to these motions.

### III.   DISCUSSION

#### A.   Voluntary Dismissal

Federal Rule 23 requires court approval before the dismissal or compromise of a class action. Fed.R.Civ.P. 23(e) ("a class action shall not be dismissed without approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in

such a manner as the court directs." ).The purpose of Rule 23(e) is to protect the rights of

nonparty members of the class with the court acting in a fiduciary capacity for absent class

members. *See Pete v. United Mine Workers of Am. Welfare & Retirement Fund*, 517 F.2d 1275,

1284 n. 36 (D. C. Cir. 1975). However, this matter was never certified pursuant to Rule 23(b)(2).

As such, plaintiffs' request for dismissal of the class action claim is appropriate under Federal

Rule 41(a)(1), which provides that a plaintiff may voluntarily dismiss an action without court

approval provided that the opposing party has not filed an answer or motion for summary

judgment. Fed.R.Civ.P. 41(a)(1)(A)(i). *See, e.g., Logue v. Nissan North America, Inc*., 2008 WL

2987184 (W.D. Tenn. July 30, 2008) (noting that the plain language of Rule 23(e) applies only to

certified classes so motion to voluntarily dismiss should have been brought pursuant to Rule 41).

Likewise, dismissal of Defendant Kenny Jackson from this action is appropriate under Rule

41(a)(1). *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may

dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1)

notice."). Accordingly, the court will treat Plaintiffs' motion to dismiss the class action claim and

Defendant Kenny Jackson as a notice of voluntary dismissal pursuant to Rule 41(a)(1).

### B.      Motion for Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend as provided by these rules." Fed. R. Civ. P. 55(a). This court has the power to enter

default judgment when a defendant fails to defend his case appropriately or otherwise engages in

dilatory tactics. *Teamsters Local 639-Employers Health Trust v. Boiler & Furnace Cleaners,

Inc.*, 571 F. Supp. 2d 101, 106-07 (D.D.C. 2008) (citing Fed.R.Civ.P. 55(a)); *see also*, *Jackson v.

Beech*, 636 F.2d 831, 836 (D.C. Cir.1980) ("The default judgment must normally be viewed as

ORDER-4

available only when the adversary process has been halted because of an essentially

unresponsive party."). While courts do not favor default judgments and will only resolve cases in

this manner "when the adversary process has been halted because of an essentially unresponsive

party[,] the diligent party must be protected lest he be faced with interminable delay and

continued uncertainty as to his rights." *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C.

2006) (quoting *Jackson*, 636 F.2d at 836 (citation omitted)). In addition, default establishes the

defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180

F. Supp. 2d 15, 17 (D.D.C. 2001). Once default judgment is issued, this court is "required to

make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp 2d at 17.

Here, the record shows that Defendant Jackson has failed to file a responsive pleading to

Plaintiffs' complaint for nearly nineteen months. He has also failed to respond to the court's

request for status reports. Additionally, Jackson has left his last known address and is currently

unreachable. In other words, Jackson has "failed to plead or otherwise defend" against Plaintiffs'

claims for affirmative relief. He has halted the adversarial process and impeded an efficient

resolution of Plaintiffs' claims. Accordingly, default judgment against Defendant Jeffery Jackson

is warranted.

As a consequence of Jackson's default, he is deemed to have admitted all of the well-

pleaded allegations in the complaint. *See Int'l Painters & Allied Trades Indus. Pension Fund v.*

*Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d 32, 35 (D.D.C. 2011) (citing *Int'l Painters &*

*Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C.

2002)). Under the FLSA, an employee is entitled to compensation for overtime work and under

the WPCA, an employee is entitled to compensation for hourly work. Plaintiffs sufficiently

alleged facts in the complaint, which if accepted as true, entitles them to relief under the FLSA

ORDER-5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

and the WPCA. *See* Compl. ¶¶ 18-26, 28-35, 51-62. This court accepts these well-pleaded allegations as admitted, *see Int'l Painters & Allied Trades Indus. Pension Fund*, 763 F. Supp. 2d at 35, and accordingly must now determine the appropriate relief. As such, Plaintiffs are directed to submit affidavits supporting their damages, fees and costs within 45 days of the entry of this order.

## IV.   CONCLUSION

Based on the foregoing, the court hereby:

(1)   GRANTS Plaintiffs' Motion for Default Judgment against Defendant Jeffery Jackson;

(2) Directs the Clerk of Court to enter a notice of default against Defendant Jeffery Jackson;

(3) Instructs Plaintiffs to present to the court affidavits supporting their damages, fees, and costs within forty-five (45) days of the entry of this order; and

(5) DISMISSES the class action claim and Defendant Kenny Jackson from this action without prejudice.

DATED this 19th day of June, 2012.

*Barbara J Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER-6