# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR JACKSON, *et al* )<br>    Plaintiffs, )<br>v. )<br>)<br>INNOVATIVE SECURITIES SERVICES, )<br>LLC, *et al* )<br>    Defendants. )<br>) | CASE: 1:09-CV-00425 (BJR) |

## DEFENDANT JEFFERY JACKSON'S MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST JEFFERY N. JACKSON

Defendant, Jeffery N. Jackson, by and through undersigned counsel, respectfully moves this Court to set aside the Default Judgment against him pursuant to Federal Rule of Civil Procedure 60(b). An accompanying memorandum of points and authorities supporting this motion is attached.

Dated: 23rd day of May, 2013

                                                  Respectfully submitted,

                                                  /s/
                                        Dawn R. Jackson, Esquire
                                        D.C. Bar No. 485118
                                        Jackson & Associates Law Firm, P.L.L.C.
                                        2607 24th Street, N.W.
                                        Suite 1
                                        Washington, DC 20008
                                        (202) 332-7200 (phone)
                                        (202) 332-3093 (fax)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARTHUR JACKSON, *et al* )<br>    Plaintiffs, )<br>v. )<br>     )<br>INNOVATIVE SECURITIES SERVICES, )<br>LLC, *et al* )<br>    Defendants. )<br>     ) | CASE: 1:09-CV-00425 (BJR) |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT JEFFERY JACKSON'S MOTION TO SET ASIDE DEFAULT JUDGMENT**

In support of his Motion to Set Aside Default Judgment, Defendant Jeffery N. Jackson submits this memorandum of points and authorities.

**I.   Facts**

1. On March 17, 2009, Plaintiffs served their Complaint on Jeffery Jackson and Innovative Security, LLC, at the business address for Defendant Innovative Security, LLC, located at 1818 New York Avenue, N.E., Washington, DC.

2. Thereafter, Plaintiffs filed a Motion Requesting Default Judgment against the Defendant Jackson pursuant to Fed. R. Civ. P. 55(a).

3. On October 8, 2009, Defendant Jackson filed a 12(b)(6) Motion to Dismiss, *pro se*, within the deadline given by the Court to file an opposition to Plaintiffs' Motion Requesting Default Judgment. In his Motion, Defendant Jackson attested that he is not an officer, owner, or agent of Innovative Security, LLC.

4. The Court treated Mr. Jackson's Motion to Dismiss as an opposition to Plaintiffs' Motion for a Default Judgment and a Motion for Summary Judgment.

5. On September 30, 2010, approximately 11 months after Defendant Jackson filed his Motion, the Court ordered that that Plaintiffs' entry for default judgment against Defendant Jackson be set aside and the Motion for Summary Judgment be dismissed because genuine issues of material facts existed.

6. The Court mailed the Order for Defendant Jackson's Motion to Dismiss to 1818 New York Avenue, N.E. Washington DC, which was the listed address for Innovative Security, LLC.

7. However, at the time the Order was issued, Innovative Security, LLC had become insolvent and no longer operated at the aforementioned address. All mail sent to that address was returned to the Court. *See* Exhibit A.

8. Because Defendant Jackson no longer received any mail from the Court and because of his good faith belief that he was not an owner or agent of Innovative security, LLC, he believed that his Motion to Dismiss was granted.

9. On May 7, 2012, Plaintiffs renewed their Motion for Default Judgment against Jackson on the basis that mail sent to Mr. Jackson had been returned as undeliverable.

10. On May 7, 2012, Plaintiffs mailed a copy of their Motion for Default Judgment to Defendant Jackson at 14401 Turner Wooton Parkway Upper Marlboro, Maryland 20774.

11. However, Defendant Jackson had not resided at that address since December of 2007.

12. On June 19, 2012, Plaintiffs' renewed Motion for Default Judgment against Mr. Jackson was granted in the amount of $93,920.32 and has not had the opportunity to litigate the matter on its merits.

13. Defendant Jackson was only made aware of the judgment when Plaintiff sought to have his wages and bank account garnished.

## II. Argument

### A. Default Judgment Against Defendant Jeffery Jackson Should Be Set Aside and Resolved on Merits Because Defendant Jackson's Default Was Not Willful, and Plaintiffs Will Suffer No Substantial Prejudice.

Although default judgment has been made available, "strong polices favor resolution of disputes on their merits." *Canales v. A.H.R.E., Inc.,* 254 F.R.D. 15 (*D.C.C.* 2008). When considering whether a default judgment should be set aside under Rule 60(b)(1), or (6), courts should consider the following three criteria: (1) whether setting aside the default judgment would prejudice the Plaintiff; (2) whether the defendant has alleged a meritorious defense; and (3) whether the default was willful. *Id.* (citing *Jackson v. Beech*, 636 F.2d 836, 205 U.S. App. D.C. 84 (*D.C. Cir.* 1980)).

   *1. Plaintiffs will Suffer No Substantial Prejudice Other Than Delay*

Courts are in agreement that "although vacating the entry of default will delay the resolution of claims …delay in and of itself does not constitute prejudice." *Haskins v. U.S. One Transp., LLC,* 755 F. Supp. 2d 126, 130 (*D.D.C.* 2010) (citing *KPS & Assoc., v. Designs by FMC, Inc.,* 318 F.3d 1, 15 (*1st Cir.* 2003). In *Haskins*, the court concluded that the plaintiff will suffer no substantial prejudice through setting aside

of the entry of default because the plaintiff has identified no prejudice other than delay.

Here, similar to the plaintiff in *Haskins,* Plaintiffs have only noted delay as their chief argument for Default Judgment. This Court should find that this delay, in and of itself, will not constitute prejudice to the Plaintiffs. The real prejudice that is Defendant Jackson will have a monetary judgment against him in the amount of $93,920.32, without an opportunity to have his day in court. If this default judgment is not aside and decided on its merits, Defendant Jackson will suffer the greater prejudice.

2. *Defendant Jackson has a Meritorious Defense*

When asserting a default judgment, Defendant is "not required to prove a defense, but only to assert a defense that it may prove at trial" *Haskins* at 130. In addition, a defense is meritorious "if it contains even a hint of a suggestion" that it would constitute a defense at trial. *Id.*

Defendant Jackson has asserted a meritorious defense as evidenced in his Motion to Dismiss and by the Court's Order which confirm there were genuine issues of material fact concerning whether Mr. Jackson is an officer, owner, or agent of Innovative Security, LLC. In his Motion, Defendant Jackson attested that he is not and has never been an officer, owner, or agent of Innovative Security, LLC and that he only worked as a consultant for the company.

3. *Defendant Jackson's Default was not Willful*

Courts have determined that "The boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to

respond, and a deliberate decision to default, which is generally not excusable." *Haskins* at 129 (*D.D.C.* 2010) (citing *Int'l Painters & Allied Trades Union & Industry Pension Fund v. H. W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (*D.D.C.* 2003) (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry,* 158 F.3d 631, 634 (*2d Cir.* 1998)). In *Canales v. A.H.R.E.*, the court concluded that the defendant's default was willful because the defendant was not a *pro se* defendant and therefore fully understood his legal obligations. The court reasoned that the defendant's ignorance if its legal obligation would be viewed more leniently if the defendant was an inexperienced individual representing himself *pro se*.

Here, Defendant Jackson's neglect was not willful because he filed Motion to Dismiss, *pro se*, within the deadline given by the Court to file an opposition to Plaintiffs' first Motion Requesting Default Judgment. At all times material Defendant Jackson was representing himself *pro se*. Unfortunately, the address that the courts have on file for Defendant Jackson was the business address for Innovative Security, LLC. In addition, at the time the Court issued the Order, Innovative Security, LLC had become insolvent and mail sent from the Court to Defendant Jackson at that address was returned. Therefore, Defendant Jackson mistakenly believed that his Motion to Dismiss was granted when he did not receive any mail from the court and from Plaintiffs. He only recently found out about the default judgment when Plaintiffs sought to have his wages and bank accounts garnished. Defendant Jackson's default was in no way willful.

**B. Defendant Jeffery Jackson Did Not Receive Court Order Denying His Motion to Dismiss Neither Did He Receive Plaintiffs' Motion to Renew Default Judgment Making Failure to Respond a Mistake and/or Excusable Neglect.**

Under Federal Rule of Civil Procedure Rule 55(c), entry of default may be set aside upon the showing of good cause. *Canales v. A.H.R.E., Inc.,* 254 F.R.D. 14 (*D.C.C*. 2008). But when a default judgment has been entered, Rule 55(c) refers to Rule 60(b), which sets forth six grounds upon which relief may be granted. *Id*. Here, Defendant Jackson seeks relief under subsections (1), and (6) of Rule 60(b). Rule 60(b)(1) provides that relief may be provided where there was "mistake, inadvertence, surprise, or excusable neglect." *Id*. at 15. Rule 60(b)(6) may be invoked for "any other reason that justifies relief." *Id*.

Here, Defendant Jeffery Jackson was mistaken about the Court Order denying his Motion to Dismiss. The address used by the Court was 1818 New York Avenue, N.E., Washington DC, which was listed by Plaintiffs on their Complaint as Mr. Jackson's personal address. Defendant Jackson does not reside at the aforementioned address which is a business address for Innovative Security, LLC. Mr. Jackson was never put on notice about the Court's denial of his Motion to Dismiss as evidenced by the Court's Order being returned and filed on December 21, 2010.

In addition, Defendant Jackson filed his Motion to Dismiss on October 8, 2009. However, the Court did not issue an Order regarding Mr. Jackson's motion until September 30, 2010, approximately 11 months after the date Defendant Jackson filed his Motion to Dismiss. As a *pro se* defendant, and because he no longer received correspondence about this matter, Mr. Jackson was under a good faith but mistaken belief that his motion was granted.

Furthermore, Defendant Jackson's neglect in replying to Plaintiffs' Entry for Default Judgment is excusable because Mr. Jackson was also not put on notice of Plaintiffs' Motion for Default Judgment. On May 7, 2012, Plaintiffs mailed a copy of their Motion for Default Judgment to Defendant Jackson at 14401 Turner Wooton Parkway Upper Marlboro, Maryland. However, Defendant Jackson had not resided at that address for some time. Defendant Jackson was in no way attempting to engage in dilatory tactics as Plaintiffs were sending notices to a wrong address and listed his address on their complaint as the address for Innovative Security, LLC. Defendant Jackson had no notice of Plaintiffs' Motion for Default Judgment and therefore his neglect is excusable.

**C. Conclusion**

Granting a default judgment in case where there is a *pro se* Defendant and the monetary judgment is in the amount of $93, 920.32 clearly pose a high risk of prejudice. Therefore, Defendant Jackson requests that the Court set aside the Default Judgment against him pursuant to Federal Rule of Civil Procedure 60(b) and that this case be decided on its merits.

Dated: 23rd day of May, 2013

                                                  Respectfully submitted,

                                                      /s/
                                              Dawn R. Jackson, Esquire
                                              D.C. Bar No. 485118
                                              Jackson & Associates Law Firm, P.L.L.C.
                                              2607 24th Street, N.W.
                                              Suite 1
                                              Washington, DC 20008
                                              (202) 332-7200 (phone)
                                              (202) 332-3093 (fax)